UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
:
UNITED STATES OF AMERICA, :
:
    *Plaintiff,* :
:
    *v.* :   No. 1:21-cv-05578
:
JUAN REYES and :
CATHERINE REYES, :
:
    *Defendants.* :
------------------------------------------------------x

## COMPLAINT

The United States of America, with the authorization of the Secretary of the Treasury and at the direction of the Attorney General of the United States, brings this action under 31 U.S.C. § 3711(g)(4)(C) to collect from Juan Reyes and Catherine Reyes outstanding civil penalties assessed against them, pursuant to 31 U.S.C. § 5321(a)(5) (commonly known as an FBAR penalty), for their failure to timely report their financial interest in, and/or signatory or other authority over, a foreign financial account for the 2010, 2011, and 2012 calendar years, as required by 31 U.S.C. § 5314 and its implementing regulations, as well as all associated penalties and interest. In support of its complaint, the United States alleges as follows:

### Jurisdiction and Venue

1.     This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1345.

2.     Venue is proper under 28 U.S.C. § 1391.

3.     Defendant Juan Reyes resides within the jurisdiction of this Court.

4.     Defendant Catherine Reyes resides within the jurisdiction of this Court.

**Background Regarding Foreign Bank Account of Juan Reyes and Catherine Reyes**

5.  Juan Reyes ("Juan") was born in Nicaragua but has lived in the United States for more than 60 years and is a naturalized citizen of the United States.

6.  Catherine Reyes ("Catherine") was born in New York, New York, and is a United States citizen.

7.  On or about 1972, Juan's parents opened an account in his name with Banco de Londres y America del Sur (Banco de Londres) (the "Account"). Banco de Londres became part of Lloyds Bank and ultimately Lloyds TSB Bank in Switzerland. On or about 2000, Catherine became a joint owner of the Account with Juan.

**Tax Return Filing, Failure to Disclose Account, and Use of Account**

8.  Juan and Catherine filed joint federal income tax returns for tax years 2010, 2011, and 2012 that did not disclose the existence of the Account. In particular, on the Schedule B filed by Juan and Catherine with their joint federal income tax return for tax year 2010, Juan and Catherine checked the "No" box in response to the question of whether they had an interest in or a signature or other authority over a financial account (including a bank account, securities account, or other financial account) in a foreign country. On the Schedule B's filed by Juan and Catherine with the joint federal income tax returns for tax years 2011 and 2012, Juan and Catherine checked the "No" box in response to the question of whether they had a financial interest in or signature authority over a financial account (including a bank account, securities account, or brokerage account) located in a foreign country.

9.  Juan and Catherine did not disclose the existence of the Account to their tax return preparer regarding tax years 2010, 2011, and 2012.

10. Juan and Catherine did not report any income from the Account on their joint federal income tax returns for tax years 2010, 2011, and 2012 that were originally filed with the United States Department of Treasury, Internal Revenue Service ("IRS").

11. Juan and Catherine established credit cards linked to the Account to pay for their living expenses incurred in the United States.

**Count I: Judgment for Civil Penalties (31 U.S.C. § 5321(a)(5)) (Juan Reyes)**

*Liability for the Civil Penalties*

12. During the 2010, 2011, and 2012 calendar years, Juan was a resident of the United States within the meaning of 31 C.F.R. § 1010.350 (2011-2013).

13. During the 2010, 2011, and 2012 calendar years, Juan had a financial interest in the Account and/or signatory or other authority over the Account, within the meaning of 31 C.F.R. § 1010.350 (2011-2013).

14. The Account was a bank account in a foreign country.

15. During the 2010, 2011, and 2012 calendar year, the balance of the Account exceeded $10,000.

16. Juan failed to file an FBAR with regard to each of the 2010, 2011, and 2012 calendar years on or before June 30 of the following year, as required by 31 U.S.C. § 5314 and 31 C.F.R. § 1010.306(c) (2011-2013).

17. The failure of Juan to timely file the FBARs with regard to the 2010, 2011, and 2012 calendar years was willful within the meaning of 31 U.S.C. § 5321(a)(5).

*Assessment and Collection of the Civil Penalties*

18. Between 2010, 2011, and 2012, the Account had the following balances as of the end of the calendar year and the reporting date of June 30 of the following year:

| Year | Balance as of December 31 | Balance as of June 30 of following year (reporting date) |
|---|---|---|
| 2010 | $2,107,447.00 | $2,113,813.00 |
| 2011 | $2,023,396.00 | $2,064,258.00 |
| 2012 | $2,113,485.00 | $2,101,330.00 |

19. The IRS in its discretion assessed FBAR penalties in amounts below the statutory maximum, spread evenly across years 2010, 2011, and 2012:

| Year | FBAR Penalty Assessment Amount |
|---|---|
| 2010 | $140,017.00 |
| 2011 | $140,017.00 |
| 2012 | $140,017.00 |

20. On March 31, 2017, Juan consented in writing to extend the time, through December 31, 2018, for the IRS to assess the FBAR penalties for the years 2010, 2011, and 2012. On July 20, 2018, Juan consented in writing to extend the time, through December 31, 2019, for the IRS to assess the FBAR penalties for the years 2010, 2011, and 2012.

21. On or about October 9, 2019, Juan signed a Form 13449, Agreement to Assessment and Collection of Penalties Under 31 USC 5321(a)(5) and 5321(a)(6), in which he each consented to the immediate assessment and collection of the FBAR penalties.

22. On October 11, 2019, in accordance with 31 U.S.C. § 5321(a)(5)(C)(i), a delegate of the Secretary of the Treasury assessed civil penalties against Juan in the amount of $420,051.00 due to the willful failure of Juan to disclose the Account to the IRS ("Juan FBAR Penalties").

23. On or about October 22, 2019, a delegate of the Secretary of the Treasury sent to Juan notice of the assessment of the Juan FBAR Penalties and a demand for payment.

24. In addition to the Juan FBAR Penalties, Juan owes late-payment penalties pursuant to 31 U.S.C. § 3717(e)(2) and 31 C.F.R. § 5.5(a) in the amount of $44,467.86, as of July 27, 2021.

25. In addition to the Juan FBAR Penalties, and the late-payment penalties described in the previous paragraph, Juan owes accrued interest in the amount of $7,411.31, as of July 27, 2021.

26. Juan is liable to the United States for the Juan FBAR Penalties, as well as associated penalties and interest, in the amount of $471,930.17 as of July 27, 2021, plus statutory accruals from that date until the liability is paid in full.

27. This civil action to collect the Juan FBAR Penalties, and the associated penalties and interest, is timely under 31 U.S.C. § 5321(b)(2), because it was filed within two years of October 11, 2019, the date that the penalty was assessed.

**Count II: Judgment for Civil Penalties (31 U.S.C. § 5321(a)(5)) (Catherine Reyes)**

*Liability for the Civil Penalties*

28. During the 2010, 2011, and 2012 calendar years, Catherine was a resident of the United States within the meaning of 31 C.F.R. § 1010.350 (2011-2013).

29. During the 2010, 2011, and 2012 calendar years, Catherine had a financial interest in the Account and/or signatory or other authority over the Account, within the meaning of 31 C.F.R. § 1010.350 (2011-2013).

30. The Account was a bank account in a foreign country.

31. During the 2010, 2011, and 2012 calendar year, the balance of the Account exceeded $10,000.

32. Catherine failed to file an FBAR with regard to each of the 2010, 2011, and 2012 calendar years on or before June 30 of the following year, as required by 31 U.S.C. § 5314 and 31 C.F.R. § 1010.306(c) (2011-2013).

33. The failure of Catherine to timely file the FBARs with regard to the 2010, 2011, and 2012 calendar years was willful within the meaning of 31 U.S.C. § 5321(a)(5).

### *Assessment and Collection of the Civil Penalties*

34. Between 2010, 2011, and 2012, the Account had the following balances as of the end of the calendar year and the reporting date of June 30 of the following year:

| Year | Balance as of December 31 | Balance as of June 30 of following year (reporting date) |
| --- | --- | --- |
| 2010 | $2,107,447.00 | $2,113,813.00 |
| 2011 | $2,023,396.00 | $2,064,258.00 |
| 2012 | $2,113,485.00 | $2,101,330.00 |

35. The IRS in its discretion assessed FBAR penalties in amounts below the statutory maximum, spread evenly across years 2010, 2011, and 2012:

| Year | FBAR Penalty Assessment Amount |
| --- | --- |
| 2010 | $140,017.00 |
| 2011 | $140,017.00 |
| 2012 | $140,017.00 |

36. On March 31, 2017, Catherine consented in writing to extend the time, through December 31, 2018, for the IRS to assess the FBAR penalties for the years 2010, 2011, 2012.

On July 20, 2018, Catherine consented in writing to extend the time, through December 31, 2019, for the IRS to assess the FBAR penalties for the years 2010, 2011, and 2012.

37. On or about October 9, 2019, Catherine signed a Form 13449, Agreement to Assessment and Collection of Penalties Under 31 USC 5321(a)(5) and 5321(a)(6), in which she each consented to the immediate assessment and collection of the FBAR penalty.

38. On October 11, 2019, in accordance with 31 U.S.C. § 5321(a)(5)(C)(i), a delegate of the Secretary of the Treasury assessed civil penalties against Catherine in the amount of $420,051.00 due to the willful failure of Catherine to disclose the Account to the IRS ("Catherine FBAR Penalties").

39. On or about October 22, 2019, a delegate of the Secretary of the Treasury sent to Catherine Reyes notice of the assessment of the Catherine FBAR Penalties and a demand for payment.

40. In addition to the Catherine FBAR Penalties, Catherine owes late-payment penalties pursuant to 31 U.S.C. § 3717(e)(2) and 31 C.F.R. § 5.5(a) in the amount of $44,467.86, as of July 27, 2021.

41. In addition to the Catherine FBAR Penalties, and the late-payment penalties described in the previous paragraph, Catherine owes accrued interest in the amount of $7,411.31, as of July 27, 2021.

42. Catherine is liable to the United States for the Catherine FBAR Penalties, as well as associated penalties and interest, in the amount of $471,930.17 as of July 27, 2021, plus statutory accruals from that date until the liability is paid in full.

43. This civil action to collect the Catherine FBAR Penalties, and the associated penalties and interest, is timely under 31 U.S.C. § 5321(b)(2), because it was filed within two years of October 11, 2019, the date that the penalty was assessed.

WHEREFORE, the plaintiff United States of America demands that this Court:

(a) Enter judgment in favor of the plaintiff United States and against defendant Juan Reyes for the Juan FBAR Penalties assessed against him with regard to the 2010, 2011, and 2012 calendar years, as well as associated penalties and interest, in the amount of $471,930.17 as of July 27, 2021, plus statutory accruals from that date until fully paid;

(b) Enter judgment in favor of the plaintiff United States and against defendant Catherine Reyes for the Catherine FBAR Penalties assessed against her with regard to the 2010, 2011, and 2012 calendar years, as well as associated penalties and interest, in the amount of $471,930.17 as of July 27, 2021, plus statutory accruals from that date until fully paid; and,

(c) Award the United States of America its costs, and such other and further relief as the Court deems just and proper.

## JURY DEMAND

The plaintiff United States demands a trial by jury on all issues so triable.

Dated: October 7, 2021

        DAVID A. HUBBERT
        Acting Assistant Attorney General
        U.S. Department of Justice, Tax Division

        */s/ Philip L. Bednar*
        PHILIP L. BEDNAR (WA State No. 41304)
        JULIA M. GLEN (MN Bar No. 0399238)
        Trial Attorneys, Tax Division
        U.S. Department of Justice
        P.O. Box 55
        Washington, D.C. 20044
        202-307-6415 (v) (plb)
        202-598-3280 (v) (jmg)
        202-514-5238 (f)
        Philip.L.Bednar@usdoj.gov
        Julia.M.Glen@usdoj.gov

Of Counsel:

JACQUELYN M. KASULIS
Acting United States Attorney