UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————————x
:
UNITED STATES OF AMERICA,              :
:
    *Plaintiff*,                         :   No. 1:21-cv-05578
:
    *v.*                                 :   Dist. Judge Margo K. Brodie
:
JUAN REYES and                         :   Mag. Judge Peggy Kuo
CATHERINE REYES,                       :
:
    *Defendants.*                        :
———————————————————————x

**DECLARATION OF KIMBERLY NGUYEN IN SUPPORT OF PLAINTIFF UNITED STATES OF AMERICA'S MOTION FOR SUMMARY JUDGMENT**

I, Kimberly Nguyen, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am a Revenue Agent at the United States Internal Revenue Service, 211 W. Wisconsin Ave., Milwaukee, Wisconsin.

2. Through my training and experience as a Revenue Agent, I am familiar with IRS recordkeeping procedure, including IRS's methods of keeping files related to the assessment and collection of FBAR penalties.

3. I was assigned to examine, review, and make an initial determination on whether Juan Reyes and Catherine Reyes failed to file Form TD F 90-22.1, commonly referred to as an FBAR, for their joint bank account at Lloyds Bank ending in 250, and whether they should be assessed penalties for their failure to report. Part of this determination was to decide whether their failure to report was willful or non-willful.

4. Juan Reyes and Catherine Reyes failed to timely file a Form TD F 90-22.1, or FBAR, for 2010-2012 by June 30th of the following year for each of these calendar years.

5. Initially, I determined that for years 2010-2012 the total willful FBAR penalty pursuant to the statutory maximum under 31 U.S.C. § 5321(a)(5)(C) and (D) for Juan Reyes was $3,139,701, and the same amount for Catherine Reyes. This amount was calculated by multiplying 50% by the account balance on June 30th of the following year, then adding together the resulting amounts for years 2010, 2011, and 2012. Using my discretion, permissible by the Internal Revenue Manual, I determined that the taxpayers qualified for mitigation. I decided that appropriate FBAR penalties for 2010-1012 were: $172,022 for 2010, $172,022 for 2011, and $172,021 for 2012, for Juan Reyes, and the same amounts for Catherine Reyes. I calculated these amounts by multiplying the June 30, 2012, account balance ($2,064,258) by 50%, and then multiplying the resulting amount ($1,032,129) by 50% to account for each spouse's one-half ownership in the account, and then spreading the resulting amount ($516,065) evenly across years 2010-2012.

6. After Juan Reyes and Catherine Reyes submitted a formal protest and the IRS did an additional review, the IRS ultimately determined that an additional 20% discount would be appropriate. Thus, the assessments for FBAR penalties for each of the Reyeses' failure to report the foreign bank account at Lloyds Bank ending in 250 were as follows: $140,017 for 2010, $140,017 for 2011, and $140,017 for 2012, totaling $420,051. These assessments were made against both Juan Reyes and Catherine Reyes. True and correct copies of the Form 13448 Penalty Assessment Certification for both Juan Reyes and Catherine Reyes are attached hereto as **Exhibit FF** and **Exhibit GG**. True and correct copies of IRS Letter 3708 sent to both Juan Reyes and Catherine Reyes demanding payment of the FBAR penalties assessed against them are attached hereto as **Exhibit HH** and **Exhibit II**.

7. Juan Reyes and Catherine Reyes separately signed an IRS Form 13449, Agreement to Assessment and Collection of Penalties under 31 U.S.C. 5321(a)(5) and 5321(a)(6), on October 9, 2019, in which they each consented to the immediate assessment and collection of FBAR penalties totaling $420,051. A true and correct copy of Juan Reyes's and Catherine Reyes's signed agreements are attached hereto as **Exhibit JJ** and **Exhibit KK**.

8. As part of my regular duties, I have access to records of the IRS regarding the examination into the failure to file TD F 90-22.1, commonly referred to as an FBAR, of Juan Reyes and Catherine Reyes. These documents include documents produced to the IRS through the DOJ Swiss Bank Program, Juan Reyes, Catherine Reyes, and/or their representatives. These files are maintained by the IRS in the ordinary course of business and were produced to the United States Department of Justice for purposes of this litigation. The following exhibits are true and correct copies of documents maintained by the IRS and provided to the United States Department of Justice for this litigation:

    a. **Exhibit W**, IRS_0000178 and IRS_0000180, is a true and correct copy of two documents titled, "Consent to Extend the Time to Assess Civil Penalties Provided by 31 U.S.C. § 5321 for FBAR Violations," with respect to Juan Reyes.

    b. **Exhibit X**, IRS_0000735 and IRS_0000737, is a true and correct copy of two documents titled, "Consent to Extend the Time to Assess Civil Penalties Provided by 31 U.S.C. § 5321 for FBAR Violations," with respect to Catherine Reyes.

    c. **Exhibit FF**, IRS_0000031-IRS_0000033, is a true and correct copy of the IRS Form 13448 Penalty Assessment Certification for Juan Reyes.

   d. **Exhibit GG**, IRS_0000618-IRS_0000620, is a true and correct copy of the IRS Form 13448 Penalty Assessment Certification for Catherine Reyes.

   e. **Exhibit HH**, IRS_0000027-IRS0000029, is a true and correct copy of IRS Letter 3708 dated October 22, 2019, to Juan Reyes.

   f. **Exhibit II**, IRS_0000615-IRS0000617, is a true and correct copy of IRS Letter 3708 dated October 22, 2019, to Catherine Reyes.

   g. **Exhibit JJ**, IRS_0000039-IRS_0000040, is a true and correct copy of IRS Form 13449 Agreement to Assessment and Collection of Penalties Under 31 U.S.C. 5321(a)(5) and 5321(a)(6) with respect to Juan Reyes on October 9, 2019.

   h. **Exhibit KK**, IRS_0000660-0000662, is a true and correct copy of IRS Form 13449 Agreement to Assessment and Collection of Penalties Under 31 U.S.C. 5321(a)(5) and 5321(a)(6) with respect to Catherine Reyes on October 9, 2019.

 9. As a Revenue Agent, I am familiar with the Offshore Voluntary Disclosure Program (OVDP). The purpose of OVDP during the years at issue (2010-2012) was to bring taxpayers that had previously used undisclosed foreign financial accounts and assets to avoid or evade taxes into compliance with the United States tax laws and related laws.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed this 27th day of February, 2023, in Milwaukee, Wisconsin.

            */s/ Kimberly Nguyen*_____
            KIMBERLY NGUYEN
            IRS Revenue Agent
            Internal Revenue Service

## CERTIFICATE OF SERVICE

I certify that on February 28, 2023, I served by electronic mail the foregoing document on the following counsel of record:

>Richard E. Lerner, Esq.
>Mazzola Lindstrom LLP
>1350 Avenue of the Americas, Second Floor
>New York, NY  10019
>Email:  richard@mazzolalindstrom.com
>**Counsel for the Defendants**

Pursuant to this Court's individual rules, the foregoing document will only be filed when the Motion has been fully briefed, at which time the United States as movant will file the full set of Motion papers with the Court using the CM/ECF system, which will send notification of such filing to all registered CM/ECF participants.

>*/s/ Philip L. Bednar*
>
>PHILIP L. BEDNAR
>Trial Attorney
>Civil Trial Section, Northern Region