UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
———————————————————x

UNITED STATES OF AMERICA,

    *Plaintiff,*                                      No. 1:21-cv-05578 (MB)

    v.

JUAN REYES and
CATHERINE REYES,

    *Defendants.*
———————————————————x

# Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment

 

MAZZOLA LINDSTROM LLP
Richard E. Lerner
1350 Avenue of the Americas, 2nd Floor
Counsel for defendants Juan Reyes and
Catherine Reyes
New York, New York 10019
(646) 813-4345
(917) 584-4864
richard@mazzolalindstrom.com

Dated: April 11, 2023

**Table of Contents**

Table of Authorities ................................................................................................................ ii
Preliminary Statement............................................................................................................ 1
Summary Judgment Standard ............................................................................................... 1
Argument ................................................................................................................................. 2
Conclusion ............................................................................................................................... 6

## Table of Authorities

**Cases**                                                                     **Page(s)**

*Allen v. Coughlin*,
   64 F.3d 77 (2d Cir. 1995) ................................................................................................. 1

*Clements v. Nassau County*,
   835 F.2d 1000 (2d Cir. 1987) ........................................................................................... 1

*Hart v. Rick's Cabaret Int'l*,
   967 F.Supp.2d 901 (SDNY 2013) ................................................................................... 2

*Noriko Ozawa v. Orsini Design Assocs.*,
   2015 U.S. Dist. LEXIS 29933 (SDNY 2015) ............................................................ 1, 2

*Perez v. Rossy's Bakery & Coffee Shop, Inc.*,
   2021 U.S. Dist. LEXIS 61289 (SDNY 2021) ................................................................ 3

*Rocha v. Bakhter Afghan Halal Kababs, Inc.*
   44 F.Supp. 3d 337 (EDNY 2014) .................................................................................. 3

*Skubikowski v. Morena*,
   190 F.R.D. 305 (2000) ................................................................................................... 1

*Solis v. SCA Rest. Corp.*,
   938 F.Supp. 2d 380 (EDNY 2013) ................................................................................ 2

*United States v. Granda*,
   565 F.2d 922 (5th Cir. 1978) .......................................................................................... 4

*United States v. Schwarzbaum*,
   23 F.4th 1355 (11th Cir. 2022) ....................................................................................... 3

*Wakefield v. Northern Telecom., Inc.*,
   813 F.2d 535 (2d Cir. 1987) ........................................................................................... 1

**Statutes**

31 U.S.C. § 5321 ................................................................................................................ 4, 5

**Rules**

Federal Rules of Civil Procedure 56 ..................................................................................... 1

## Preliminary Statement

This memorandum is respectfully submitted on behalf of defendants Juan Reyes and Catherine Reyes in opposition to plaintiff's motion for summary judgment, pursuant to Fed. R. Civ. P. 56(a), regarding plaintiff's allegations that defendants willfully violated the requirement to file a Report of Foreign Bank and Financial Accounts ("FBAR") with respect to their jointly held foreign bank account during the 2010-2012 tax years. Plaintiff's motion should be denied for the following reasons.

## Summary Judgment Standard

Federal Rule of Civil Procedure 56(a) states that summary judgment should only be granted to the moving party "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Once the moving party has shown that there is no genuine issue of material fact, the burden shifts to the nonmoving party to show that a genuine issue of fact does remain for trial and should be determined by a trier of fact. A motion for summary judgment may only be granted if "no reasonable trier of fact could find in favor of the nonmoving party." *Noriko Ozawa v. Orsini Design Assocs.*, 2015 U.S. Dist. LEXIS 29933 (SDNY 2015), citing *Allen v. Coughlin*, 64 F.3d 77, 79 (2d Cir. 1995). It is well settled that summary judgment is inappropriate "when the defendant's state of mind is at issue." *Skubikowski v. Morena*, 190 F.R.D. 305 (2000); *Clements v. Nassau County*, 835 F.2d 1000, 1005 (2d Cir. 1987); *Wakefield v. Northern Telecom., Inc.*, 813 F.2d 535, 540 (2d Cir. 1987).

**Argument**

The disputed issue in this case is whether the defendants *willfully* violated the requirement to file an FBAR disclosing their foreign bank account with their income tax returns for the years 2010-2012. The plaintiff alleges that the defendants acted with a willful state of mind in that they "understood that interest income from *domestic* banks needed to be reported on their federal income tax returns." (*See* plaintiff's memorandum of law in support of its motion for summary judgment, at p. 2) (emphasis added). However, both Dr. Reyes and Mrs. Reyes testified that they believed they were not required to report the existence of their *foreign* bank account and thus did not willfully violate the law. (*See* declarations of Juan Reyes and Catherine Reyes in opposition to plaintiff's motion for summary judgment.)

Courts have left the question of a party's willfulness to commit an act to the trier of fact, as "willfulness involves a factual inquiry." *Noriko Ozawa*, supra, citing *Solis v. SCA Rest. Corp.*, 938 F.Supp. 2d 380, 393 (EDNY 2013). Whether willfulness is a question of fact to be left to a jury depends upon whether the "evidence on which [the movant] principally rel[ied]" is "conclusive as to that point." *Hart v. Rick's Cabaret Int'l*, 967 F.Supp.2d 901 (SDNY 2013). In *Noriko*, the court denied the party's motion for summary judgment as to willfulness for such reason. Likewise, the evidence in this matter – such as, the defendants' testimony and their declarations, and their lack of signature on their tax return forms – raises an issue of fact as to the alleged willfulness of defendants' conduct. Indeed, the Reyeses would have reported their foreign bank account if they had known that they were required to do so – see, plaintiff's exhibit C, deposition of Juan Reyes at 194: 9-25; 195: 1-21 and declarations of Juan Reyes and Catherine Reyes in opposition to plaintiff's motion for summary judgment – which itself negates the government's claim that they acted in a willful manner to, in sum, cheat the government. The evidence shows, and the jury may surely believe, that the defendants were unaware of the

2

reporting requirements when their accountant filed their 2010-2012 income tax returns, which returns were not even signed by the Reyeses.

The plaintiff relies on the fact that the Reyeses marked "no" to the question on their tax returns regarding whether they had a foreign bank account to claim that their conduct was willful. However, the Reyeses had not reviewed or signed their tax returns. In *Perez v. Rossy's Bakery & Coffee Shop, Inc.*, 2021 U.S. Dist. LEXIS 61289 (SDNY 2021), the court found that, in general, "tax returns are not dispositive and the veracity of those documents can be questioned," and where there is an "absence of a signature on the tax returns, combined with the absence of an affidavit from the tax preparer," they are not conclusive to the extent that the taxpayer may be estopped from introducing contrary factual assertions. *Id.*, citing *Rocha v. Bakhter Afghan Halal Kababs, Inc.* 44 F.Supp. 3d 337 (EDNY 2014). Here, the defendants' tax returns were neither signed, nor has the plaintiff presented an affidavit as to core fact at issue – the defendants' state of mind as to the requirement that they disclose a foreign bank account – from their tax preparer Yaskowitz. Thus, the plaintiff's reliance upon the Reyeses' unsigned income tax returns as verified fact to establish their state of mind is insufficient to prove its claim of willfullness.

In *United States v. Schwarzbaum*, 23 F.4th 1355 (11th Cir. 2022), the court found that taxpayer Issac Schwarzbaum's conduct was willful because he had actually reviewed the FBAR instructions the first year he prepared an FBAR. While Schwarzbaum argued that his conduct was not willful because he had relied on his accountant's advice that he need not report a foreign bank account, the court found that he knew or should have known the contrary because he had actually reviewed the FBAR instructions. This is not the case in the matter at bar.

3

Though Schwarzbaum, like the Reyeses, relied on professional advice, the Reyeses had not reviewed the FBAR instructions prior to preparing their income tax returns. It was Shwarzbaum's review of the FBAR instructions that established willfulness on his part. In contrast, the Reyeses were unaware of the requirement to report their foreign bank account as they did not review any FBAR instructions before filing. The Reyeses believed that foreign accounts were reportable only if they had a U.S. connection. The conduct that led to Mr. Schwarzbaum receiving a willful-violation penalty differs greatly from the Reyeses' conduct, in that they had never even heard of an FBAR requirement until they sought to domesticate the funds by moving them to the United States, after the reporting years at issue. (See plaintiff's Exhibit C, deposition of Juan Reyes, at 194: 9-21 and declaration of Catherine Reyes). Thus, the Reyeses' failure to disclose their foreign bank account on their 2010-2012 income tax returns was not willful or at all intended to defraud the United States. At least, a jury may so find.

Congress added the word "willful" to 31 U.S.C. § 5321 in order to hold accountable only those who committed truly intentional acts. Including "willful" in the statute reflects Congress's intent that the penalty be reserved for intentional conduct, or else it need not have included the term in the first place. *See United States v. Granda*, 565 F.2d 922 (5th Cir. 1978). FBAR violations were not meant to be strict-liability offenses. The court in *Granda* explained that Congress added the terms "knowing" and "willful" to remove "this regulatory statute out of the ranks of strict liability type crimes" and to "require proof of the defendant's knowledge of the reporting requirement and his specific intent" to commit a violation. Here, specific intent – the willful and intentional failure to file the FBAR – has not been proved. It has not even been shown that the defendants were aware of FBAR reporting requirements when the 2010-2012 tax returns were filed.

In the 2004 statutory amendment of 31 U.S.C. § 5321, Congress created a less severe penalty for instances where the taxpayer unintentionally violated the FBAR reporting requirement, like in the defendants' case. In fact, 31 U.S.C. § 5321(a)(5)(B)(ii) provides an exception to liability when the "violation was due to reasonable cause." Thus, willfulness as used in the statute – and as alleged herein – must mean voluntary, conscious, intentional conduct; otherwise, the inclusion of the word "willful" in the statute would be redundant and thus unnecessary. Using "willful" to describe one's *unintentional* acts contradicts policy created to address *intentional* acts that are violative of the statute.

At the very least, based upon the evidence presented, a jury may conclude that they did not act willfully to cheat the United States, and therefore the government's motion must be denied. Despite plaintiff's argument to the contrary, there is a genuine dispute between the parties as to whether the defendants' conduct was willful. A reasonable trier of fact could find in favor of the defendants, crediting that they were unaware of the legal obligation to report the foreign bank account that was set up by Dr. Reyes's parents in order to protect the moneys from seizure by the Communist government of Nicaragua.

Accordingly, it is only proper to resolve this question of willfulness – a question of fact as to the defendants' states of mind – by allowing a jury to consider and then decide the issue.

**Conclusion**

Because there is a legitimate dispute as to the defendants' states of mind when their 2010-2012 joint income tax returns were filed, the determination of their states of mind should be left to a trier of fact, and the plaintiff's motion for summary judgment should be denied.

Dated: April 11, 2023
     New York, New York

Respectfully submitted,

MAZZOLA LINDSTROM LLP

*/s/ Richard E. Lerner*
Richard E. Lerner
1350 Avenue of the Americas, 2nd Floor
Counsel for defendants Juan Reyes and Catherine Reyes
New York, New York 10019
(646) 813-4345
(917) 584-4864
richard@mazzolalindstrom.com