UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
——————————————————————x
UNITED STATES OF AMERICA,

    *Plaintiff,*　　　　　　　　　　　　　　　No. 1:21-cv-05578 (MB)

    *v.*　　　　　　　　　　　　　　　　　　**Affirmation of Richard E. Lerner,**
　　　　　　　　　　　　　　　　　　　　　　**Counsel for Defendants, in**
JUAN REYES and　　　　　　　　　　　　**Opposition to Plaintiff's Motion**
CATHERINE REYES,　　　　　　　　　　**for Summary Judgment**

    *Defendants.*
——————————————————————x

I, Richard Lerner, Esq., affirm under penalty of perjury as follows:

I am an attorney with the firm Mazzola Lindstrom LLP, counsel for defendants Juan Reyes and Catherine Reyes. I submit this affirmation in opposition to plaintiff United States of America's motion for summary judgment. I have personal knowledge of facts which bear on this motion based upon my review of the file maintained for the defense of this action, and thus state as follows pursuant to 28 U.S.C. § 1746, and request that motion be denied because there exist several genuine issues of material fact to be tried.

The issues stated in plaintiff's statement of undisputed material facts are set forth as follows and correspond to the paragraph numbers used therein:

    **A.**　　　　**Defendants' Background.**

1-8.　　　　Paragraphs No. 1 through 8 are undisputed.

    **B.**　　　　**The Foreign Bank Account.**

9-13.　　　Paragraphs No. 9 through 13 are undisputed.

14.　　　　The plaintiff alleges in Paragraph No. 14 that the Reyeses "requested that Lloyds Bank keep mail, or retain all account related correspondence, rather than having it sent to them at their designated address in the United States." However, both Dr. Reyes and Mrs. Reyes testified

during depositions that they do not recall ever having requested that Lloyds Bank keep mail related to their account. *See* Plaintiff's Exhibit D, Deposition of Catherine Reyes, at 108: 13-25; 109: 1-18; and Plaintiff's Exhibit C, Deposition of Juan Reyes, at 77: 22-25; 78: 1-8.

15-16. Paragraphs No. 15 and 16 are undisputed.

**C. Use of the Lloyds Account and Efforts Taken to Conceal the Lloyds Account from the United States.**

17. In Paragraph No. 17, plaintiff alleges that the defendants "instructed Lloyds Bank to divest their U.S. securities and to avoid the U.S. income tax withholdings, and Mrs. Reyes signed a form requesting the same." However, both Dr. Reyes and Mrs. Reyes testified that they do not recall instructing anyone at the bank to take such action. *See* Plaintiff's Exhibit C, Deposition of Juan Reyes, at 100: 13-25; 101-104: 1-15; and Plaintiff's Exhibit D, Deposition of Catherine Reyes, at 136: 12-25; 137: 1-12. Further, the form that the Reyeses signed does not explicitly state that they requested this for the purpose of avoiding U.S. income tax withholdings as plaintiff claims in its Statement of Undisputed Material Facts. *See* Plaintiff's Exhibit K. Further, Dr. Reyes stated in his deposition testimony that "I believe that I didn't have a reason why to sell those stocks that the bank say because I never been afraid; I am not afraid of this bank account" when asked about why the bank log shows that the Reyeses requested that U.S. securities be divested. *See* Plaintiff's Exhibit C, Deposition of Juan Reyes, at 103: 17-25 and 104: 2-10.

18-20. Paragraphs No. 18 through 20 are undisputed.

21. In Paragraph No. 21, plaintiff states that the Reyeses "shielded the use of the Lloyds Account to pay for their living expenses in the United States." Plaintiff alleged that the Reyeses did this by having a credit card—a Maestro Card—linked to the Lloyds Account picked up at a bank location in Madrid, Spain, "rather than having it mailed to [their] home in New

York." Mrs. Reyes testified that their reason for traveling to Madrid was to visit their friends, Fermin and Mellie Martinez, not to hide the fact that they had a foreign bank account. *See* Plaintiff's Exhibit D, Deposition of Catherine Reyes, at 116: 22-25; 117: 2-21; 118:13-25; 119: 2-5; 120: 22-25; 121: 2-3.

22. In Paragraph No. 22, the plaintiff alleges that the Reyeses also hid the existence of the Lloyds account by directing their "Eurocard statements be sent to a family friend's address in Madrid, rather than [their] home address in the United States." Mrs. Reyes testified that she did not recall ever having a Eurocard or requesting the statements from such a card be sent to their friends in Madrid. *See* Plaintiff's Exhibit D, Deposition of Catherine Reyes, at 138: 20-25; 139; 140. Dr. Reyes testified that the reason the Eurocard statements were sent to their friends' address in Madrid was because they were planning to go to Madrid. *See* Plaintiff's Exhibit C, Deposition of Juan Reyes, at 90: 24-25; 91: 2-9.

**D. Preparation of Federal Income Tax Returns for 2010-2012 by Sidney Yoskowitz.**

23-27. Paragraphs No. 23 through 27 are undisputed.

28. In Paragraph No. 28, the plaintiff alleges that after the defendants' accountant Sidney Yoskowitz prepared their income tax returns during the years 2010 through 2012, Dr. Reyes reviewed the returns for accuracy, signed and returned them to Mr. Yoskowitz to file with the IRS. However, according to Dr. Reyes's deposition testimony, he did not affirmatively recall that he reviewed the returns for accuracy. He responded "probably" which is merely an inference that he would have reviewed his tax returns prior to filing, not a definitive answer. *See* Plaintiff's Exhibit C, Deposition of Juan Reyes, at 165: 13-16. Additionally, neither Dr. Reyes nor Mrs. Reyes even signed the original 2010, 2011 or 2012 tax returns. *See* Plaintiff's Exhibits O, P, and Q, 2010, 2011 and 2012 original income tax returns.

29. In Paragraph No. 29, the plaintiff summarizes Mrs. Reyes's testimony that she did not review the federal tax returns and testified that she signed whatever Mr. Yoskowitz advised her to sign. However, Mrs. Reyes did not sign the original 2010, 2011 or 2012 tax returns. *See* Plaintiff's Exhibits O, P, and Q, 2010, 2011 and 2012 original income tax returns.

30. Paragraph No. 30 is undisputed.

**E. Filing Federal Income Tax Returns for 2010 -2012 and Failure to Timely File FBARs.**

31. Paragraph No. 31 is undisputed.

32. In Paragraph No. 32, plaintiff alleges that on their originally filed joint federal income tax returns for 2010-2012, "Dr. Reyes and Mrs. Reyes checked 'no' in response to the question on Schedule B of whether they had an interest in or a signature or other authority over a financial account (including bank accounts, securities account, or other financial account), in a foreign country." However, the Reyeses did not prepare their tax returns themselves; they were prepared by their accountant. Their accountant checked the box, "no" regarding whether they had a foreign bank account. The Reyeses entrusted the preparation and filing of their tax returns to their long-time accountant and did not review the tax returns or sign them prior to filing. *See* Plaintiff's Exhibit C, Deposition of Juan Reyes at 165:5-16 and Plaintiff's Exhibits O, P, and Q, 2010, 2011 and 2012 original income tax returns.

33-34. Paragraphs No. 33 and 34 are undisputed.

**F. Dr. Reyes and Mrs. Reyes Did Not Seek Any Advice from Professionals on Tax Implications and Reporting Requirements Regarding the Account.**

35. Paragraph No. 35 is undisputed.

36. Paragraph No. 36 is undisputed in part and disputed in part. The allegation that "Dr. Reyes was aware that the United States required its citizens to report certain financial interests they had outside of the United States" at the time he signed and submitted the

originally-filed joint 2010-2012 income tax returns is disputed to the extent that Dr. Reyes did not sign these tax returns. Further, Dr. Reyes testified that he first became aware of the requirement to report to the Department of Treasury if a citizen has over $10,000 in a foreign account around 2013 when he was trying to transfer the money in the Lloyds account to an American bank. *See* Plaintiff's Exhibit C, Deposition of Juan Reyes, at 194: 9-21.

37. Paragraph No. 37 is undisputed.

**G. Amended Income Tax Returns for 2010-2012.**

38-39. Paragraphs No. 38 and 39 are undisputed.

**H. Entrance Into and Withdrawal from OVDP.**

40-44. Paragraphs No. 40 through 44 are undisputed.

**I. IRS Willful FBAR Penalty Assessment.**

45-46. Paragraphs No. 45 and 46 are undisputed.

47. Admit that the IRS so found, but dispute willfulness. *See* Declarations of Juan Reyes and Catherine Reyes.

48-56. Paragraphs No. 48 through 56 are undisputed.

WHEREFORE, based on the foregoing, the defendants respectfully submit that the Court should deny plaintiff's motion for summary judgment, so that the case may be heard by a trier of fact.

Dated: April 11, 2023  Respectfully submitted,
       New York, New York  Mazzola Lindstrom LLP

By: */s/ Richard E. Lerner*
Richard E. Lerner
1350 Avenue of the Americas, 2nd Floor
New York, New York 10019
(646) 813-4345
richard@mazzolalindstrom.com
*Attorney for defendants Juan Reyes and Catherine Reyes*