# MAZZOLA LINDSTROM LLP

RICHARD E. LERNER
PARTNER
Richard@mazzolalindstrom.com
O: 646-813-4345
C: 917-584-4864

February 6, 2024

**Via ECF**

Honorable Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

**Re: United States v. Reyes, 21-cv-05578 (MKB)**

Dear Chief Judge Brodie:

  I represent the Reyes defendants.

  In response to the letter I e-filed yesterday, requesting an enlargement of time to respond to the government's judgment calculations due to their opacity, the government wrote to me, providing a mathematical breakdown of their calculations. Based upon the government's calculations, the Reyeses hereby object to only one aspect of its calculations, specifically the 6% pre-judgment penalty.

  Under 31 U.S.C. 3717(e)(2), the amount of the penalty may be no more than 6%, which indicates that there is discretion as to the amount of the penalties, while 31 C.F.R. 5.5(a) provides that the penalty will be a minimum of 6%. We submit that the statute should control, and that the percentage amount of the penalties should be a much lower amount, guided by the court's discretion. 31 U.S.C. 3717(e)(2) states:

> **(e)** The head of an executive, judicial, or legislative agency shall assess on a claim owed by a person—
>
> ***
>
> **(2)** a penalty charge *of not more than 6 percent* a year for failure to pay a part of a debt more than 90 days past due.

  The government, however, through 31 C.F.R. 5.5(a), purports to remove the statutory discretion available under 31 U.S.C. 3717(e)(2) which allows the imposition of a penalty of less than 6%. Indeed, the regulation provides as follows:

> **§ 5.5 How will Treasury entities add interest, penalty charges, and administrative costs to a Treasury debt?**
>
> (a) Assessment and notice. Treasury entities shall assess interest, penalties and administrative costs on Treasury debts in accordance with the provisions of 31 U.S.C.

3717 and 31 CFR 901.9, on Treasury debts. Interest shall be charged in accordance with the requirements of 31 U.S.C. 3717(a). ***Penalties shall accrue at the rate of 6% per year, or such other higher rate as authorized by law.*** Administrative costs, that is the costs of processing and handling a delinquent debt, shall be determined by the Treasury entity collecting the Treasury debt. Treasury entities may have additional policies regarding how interest, penalties, and administrative costs are assessed on particular types of debts. Treasury entities are required to explain in the notice to the debtor described in § 5.4 of this part how interest, penalties, costs, and other charges are assessed, unless the requirements are included in a contract or repayment agreement.

    Thus, we see that while the statute allows discretion to impose a penalty of less than 6%, the regulation purports to require a penalty of 6% or higher, if the law allows. The Reyeses submit that the court should impose a lesser penalty, as they are already to be drastically penalized by the order granting summary judgment against them. Dr. Reyes is 91 years old, and is still practicing medicine. Mrs. Reyes is 81 years old. They do not have a retirement account; the moneys left to them by Dr. Reyes's family in Nicaragua was, essentially, to be used by them eventually in retirement. Because of this court's order, Dr. Reyes will never be able to retire. They have paid their taxes on the income generated by the Nicaragua-derived funds, and now, because of the summary judgment order rendered herein, 50% of the value of the account is to be taken from them. The Reyeses respectfully request that the court exercise the discretion that, we submit, it is entitled by the statute to exercise, and hold that the additional penalty on top of the 50% exaction is unduly punitive and unwarranted; indeed, we submit that failure-to-pay penalties are altogether unnecessary and unwarranted, given that these defendants are already grievously harmed by the exaction of 50% of the highest value of the account. At their age, they will not be able to recover from this financial hit.

    Respectfully submitted,

    MAZZOLA LINDSTROM LLP

    Richard E. Lerner

**Service via ECF**