

|  |  |  |
|---|---|---|
| | | **U.S. Department of Justice** |
| | | |
| | | Tax Division |
| *Trial Attorney: Philip Leonard Bednar* | Please reply to: | Civil Trial Section, Northern Region |
| *Attorney's Direct Line: 202-307-6415* | | P.O. Box 55 |
| *Fax No.: 202-514-5238* | | Washington, D.C. 20044 |
| *Philip.L.Bednar@usdoj.gov* | | |

DAH:DMK:PLBednar
DJ 5-52-20541
CMN 2021100376

February 14, 2024

<u>Via ECF</u>
Honorable Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

      Re:    *United States of America v. Reyes, et al.,*
               <u>Case No. 1:21-cv-05578 (E.D.N.Y.)</u>

Dear Chief Judge Brodie:

      Pursuant to the Court's docket text order of February 7, 2024, the Plaintiff United States of America submits this reply to Defendants' letter opposition (Docket No. 29) to the United States' letter motion for entry of judgment in this case (Docket No. 26). The Defendants' sole opposition to the United States' proposed judgment is that the Court should exercise its discretion in reducing (or eliminating) the late-payment penalty (31 U.S.C. § 3717(e)(2)) that is a statutory addition to the Defendants' willful FBAR penalty (31 U.S.C. § 5321(a)(5)(C)(i)). As explained below, the imposition of the late-payment penalty is mandatory by law, and, through a federal regulation, the Department of Treasury has exercised its discretion in setting the late-payment penalty rate at 6%. Therefore, the Court should not deviate from the 6% annual late-payment penalty rate when entering judgment in this case.

      The United States requested entry of a judgment against Juan Reyes and Catherine Reyes each in the amount of $518,170.30, plus statutory additions from and after February 21, 2023. Docket No. 26-1. The $518,170.30 amount owed by each Defendant is comprised of the FBAR penalty of $420,051.00, plus late-payment penalties of $84,102.26 per 31 U.S.C. § 3717(e)(2), plus accrued statutory interest of $14,017.04 under 31 U.S.C. § 3717(b), (c). *Id.* The proposed judgment also sets forth continuing accrual of post-judgment interest at the statutory post-judgment rate under 28 U.S.C. § 1961(a), plus continuing accrual of late-payment penalties under 31 U.S.C. § 3717(e)(2). *Id.* Here, the applicable prejudgment statutory interest rate is 1%, based on the rate in effect when the IRS Letter 3708 demand for payment was mailed (10/22/19) (Docket Nos. 22-40, 22-41) and remains fixed at that rate for the duration of the indebtedness

until judgment is entered. 31 U.S.C. § 3717(b), (c). Prejudgment interest under Section 3717 is mandatory. *See* 31 U.S.C. § 3717(a)(1) ("The head of an executive, judicial or legislative agency *shall* charge a minimum annual rate of interest on an outstanding debt on a United States claim owed by a person….") (emphasis added). Post-judgment interest on an FBAR judgment is governed by 28 U.S.C. § 1961(a). *See United States v. Kerr*, 2023 WL 3743458, at *1 (D. Ariz. Apr. 5, 2023); *United States v. Shemesh*, 2021 WL 3706735, at *4 (D. N.J. Aug. 19, 2021). The current statutory post-judgment interest rate (for judgments entered from February 5, 2024 through February 11, 2024) under 28 U.S.C. § 1961(a) is 4.76%. *See* Post-Judgment Interest Rates, *available at* https://www.casb.uscourts.gov/post-judgment-interest-rates. Post-judgment interest under Section 1961(a) is mandatory. *See* 28 U.S.C. § 1961(a) ("Interest *shall* be allowed on any money judgment in a civil case recovered in a district court.") (emphasis added). The late-payment penalty rate is 6% annually and will be discussed in more detail below. 31 U.S.C. § 3717(e)(2); 31 C.F.R. § 5.5(a).

On January 25, 2024, in response to the United States' motion for entry of judgment (Docket No. 26), the Court entered a docket text order requiring Defendants to respond "regarding whether the Court should include in the judgment (1) post-judgment interest and (2) pre-judgment interest and late penalties accruing after February 21, 2023." January 25, 2024, docket text entry.

In their subsequent response (Docket No. 29), Defendants do not oppose the imposition of statutory interest in the manner proposed by the United States in its proposed judgment (*i.e.*, using a prejudgment statutory interest rate of 1% under 31 U.S.C. § 3717(b) and (c) until the date of judgment, and post-judgment interest at the statutory rate under 28 U.S.C. § 1961(a)). Their sole opposition to the United States' proposed judgment is that the Court should exercise its discretion in reducing (or eliminating) the late-payment penalty against them after taking into account various equitable factors, including the Defendants' age, their financial circumstances, and the amount of the FBAR penalty itself. Docket No. 29, at p. 2. As explained below, Defendants' argument contradicts the applicable statutory and regulatory provisions and as a result should be rejected.

**A.     The Late-Payment Penalty on FBAR Penalty Liabilities is Mandatory and Fixed at 6% Annually.**

The late-payment penalty for outstanding debt on a U.S. government claim is statutorily mandated, and discretion was given to the Treasury Department to fix the late-payment penalty rate at 6% annually. Per 31 U.S.C. § 3717(e)(2):

> (e) The head of an executive, judicial, or legislative agency *shall* assess on a claim owed by a person—
> …
> (2) a penalty charge of not more than 6 percent a year for failure to pay a part of a debt more than 90 days past due.

31 U.S.C. § 3717(e)(2) (emphasis added).

3

The corresponding Treasury Regulation establishes that the Department of Treasury has exercised its discretion to set the late-payment penalty at 6% annually, which is still within the scope of the federal statute and thus not an abuse of discretion:

> § 5.5 How will Treasury entities add interest, penalty charges, and administrative costs to a Treasury debt?
>
> (a) Assessment and notice.  Treasury entities *shall* assess interest, penalties and administrative costs on Treasury debts in accordance with the provisions of 31 U.S.C. 3717 and 31 CFR 901.9, on Treasury debts….Penalties shall accrue at the rate of 6% per year, or such other higher rate as authorized by law.

31 C.F.R. § 5.5(a) (emphasis added).

Courts, as well, have noted the mandatory nature of Section 3717(e)(2) late-payment penalties in the FBAR context.  *See, e.g.*, *United States v. Collins*, 36 F.4th 487, 496 (3d Cir. 2022) ("§ 3717 controls—and requires—the imposition of pre-judgment…penalties on the [willful FBAR penalties] Collins owes to the United States.").  The late-payment penalty continues to accrue post-judgment until the FBAR penalty is paid.  *See United States v. Cohen*, 2022 WL 1479460, at *1 (C.D. Cal. Apr. 6, 2022); *United States. v. Vega*, 2021 WL 5027988, at *3 (D. N.J. Oct. 29, 2021); *United States v. Garrity*, 2019 WL 1004584, at *9 (D. Conn. Feb. 28, 2019).

Reading together the statute, the Treasury Regulation, and other courts' interpretation thereof, a 6% penalty is appropriate.  The statute requires a late-payment penalty of up to 6%, and the Treasury Regulation requires a 6% rate or higher.  Here, because the statute does not authorize a rate higher than 6%, the Treasury Regulation cannot go higher than 6%.  Nothing in the statute, regulation, or caselaw suggest that the Secretary of the Treasury must make individualized rate determinations in every case.  Therefore, the 6% rate used by the United States in its proposed judgment is appropriate.

### B. Defendants Have Not Followed Statutory and Regulatory Procedures for Requesting Waiver of the Late-Payment Penalty.

Although the federal statute and Treasury Regulation provide for specific procedures for submitting a request to waive the late-payment penalty, Defendants have not followed such procedures, and their letter brief (Docket No. 29) filed post-judgment does not qualify.

Section 3717(h) provides that government agencies "may prescribe regulations identifying circumstances appropriate to waiving collection of…charges under subsection[]…(e) of this section."  31 U.S.C. § 3717(h).  And regulations applicable to "Treasury entities" provide that such entities may waive collection of late-payment penalties "when it would be against equity and good conscience or not in the Treasury entity's best interest to collect such charge[], in accordance with [applicable] Treasury guidelines."  31 C.F.R. § 5.5(b).  Under such Treasury

4

guidelines, a waiver request exceeding $5,000 must be presented to the Treasury's Deputy Chief Financial Officer, and if such request is denied, appeals must be presented to the Assistant Secretary (Management)/Chief Financial Officer. 31 C.F.R. Pt. 5, App. A.

Defendants did not request a waiver under the above-referenced procedures. There is nothing in the record indicating that Defendants submitted a waiver request to the Treasury's Deputy Chief Financial Officer or an appeal to the Assistant Secretary (Management)/Chief Financial Officer. Defendants' post-judgment letter brief (Docket No. 29) is the first time they have challenged the imposition of the late-payment penalty either in this case or at the administrative level.[1]

For all of the reasons set forth above, the Court should enter the proposed judgment submitted by the United States.

Respectfully submitted,

*/s/ Philip L. Bednar*

PHILIP L. BEDNAR
JULIA M. GLEN
Trial Attorneys
Civil Trial Section, Northern Region

---

[1] If reviewable at all, judicial review of an administrative agency decision on a request for waiver would be based on whether the agency's decision was "arbitrary, capricious, and abuse of discretion, or otherwise not in accordance with the law." *See Secretary of Labor v. Cranesville Aggregate Cos.*, 878 F.3d 25, 32 (2d Cir. 2017).