# MAZZOLA LINDSTROM LLP

RICHARD E. LERNER
PARTNER
Richard@mazzolalindstrom.com
O: 646-813-4345
C: 917-584-4864

February 22, 2024

**Via ECF**

Honorable Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

**Re: United States v. Reyes, 21-cv-05578 (MKB)**

Dear Chief Judge Brodie:

I represent the Reyes defendants.

By letter dated February 14, 2024, the government represented that the Reyeses never requested a waiver of penalties on grounds of equity and good conscience. I have had an opportunity to review predecessor counsel's submissions to the IRS, and attach counsel's objections to the government's imposition of such onerous penalties on grounds of equity and good conscience. Through predecessor counsel's letter of August 1, 2019, the Reyeses stated:

> A full 50% FBAR penalty, in addition to the taxes, interest and 20% miscellaneous penalties and the $10,000 penalties for failure to file Form 8938 for tax years 2011 and 2012, substantially and unnecessarily impact on Dr. and Mrs. Reyes' financial wellbeing in their old age and could violate the Eighth Amendment Excessive Fine Clause, which has been found to be applicable to FBAR penalties, further increasing the litigation risk on the Internal Revenue Service. United States v. Bussel. /fn/ 117 AFTR 2d 2016-439 (CD Cal. 2015).
>
> While Dr. and Mrs. Reyes assert that the late filing of FBARs was not willful and due to reasonable cause, they now know that they should have reported the foreign account and that an FBAR penalty will have to be paid. A penalty that cannot be paid and would ruin them is not justifiable. The combined $840,102 FBAR penalty against them is excessive. Collection proceedings would result in complete impoverishment in old age. The mathematical determination of 27.5% of the highest account balance under the Voluntary Offshore Disclosure Initiative was too high and an amount they could not pay. They opted out and even with a 20% concession as to the penalties initially determined, this penalty is over $200,000 more than that determined using the 27.5% mathematical

formula of the Voluntary Disclosure penalty. That is a punishment that is unreasonable.

With respect to the Fom1 8938, Dr. and Mrs. Reyes did not understand they had a reporting obligation as U.S citizens with respect to an offshore account created by his parents, who were not U.S. persons, with non-U.S. source funds. Believing that the account had no U.S. connections, they did not report the account to their longstanding accountant, and he had no reason to believe that a Form 8938 was necessary for either 2011 or 2012. Once the taxpayers realized their obligation regarding the account, they took steps to disclose the account to the IRS. They informed their accountant and going forward Form 8938 for 2013 was filed timely.

Moreover, in a further letter dated August 21, 2019, the Reyeses, through predecessor counsel stated:

The Offshore Penalty, $609,957.15, was derived by mathematical computation, without an opportunity to discuss the facts of the account or their individual circumstances. They opted out, aware of the potential consequences, but with the hope that they could explain the circumstances of the account - funded by Dr. Reyes' parents out of funds in Nicaragua, seeking to preserve funds for Dr. Reyes at a time of instability and unrest in that country. Instead of receiving a penalty that they in reality could pay, even with Ms. Groen's offer of a 20% discount of penalties calculated at the maximum 50% rate, the penalties total $840,102, or $420,051 to each spouse. They could not pay the $609,957.15 Offshore Penalty. The $840,102 penalties, $203,144.85 over the Offshore Penalty calculation is effectively a punishment for trying to reach an equitable solution. In addition, their legal costs and other expenses have continued to increase.

After soul searching, analysis of their assets, income and borrowing ability, Dr. ad Mrs. Reyes would like to propose that the FBAR penalties be set at 13% of the highest aggregate account balance shown on the Form 14453 Penalty Computation Worksheet, or a total of $288,343.38 (13% of $2,218,026). A copy of the Form 14453 is attached for your reference.

This is a devastating amount for Dr. and Mrs. Reyes, but an amount which can be paid. Ahigher amount will result in ruin in their old age. An error has been made, a penalty is deserved, but the penalty should reflect the facts and circumstances of the error. The penalty we propose is a very substantial penalty for people in Dr. and Mrs. Reyes position. It is a more than satisfactory warning to them and to people in similar circumstances. A penalty that results in poverty in their old age is excessive, and cannot be consistent with public policy or the intent of the law.

Thus, contrary to the government's contention in its February 14, 20224 letter, the Reyeses did in fact raise the issue of the unfairness of the penalties, and respectfully submit that this court should therefore consider, and reject the government's request for an additional 6% penalty, as the other penalties imposesd, if upheld on appeal, would financially ruin them.

MAZZOLA LINDSTROM LLP

      Dr. Reyes is now 91 years old, and is still working, treating financially distressed patients who often lack the means to pay him. His income is minimal. Mrs. Reyes is 81 years old, and is a homemaker. They have already depleted their savings by paying taxes and penalties totaling $250,403.88, and paying attorneys' fees made necessary by the government's hardball and unmerciful treatment of this elderly couple. The Reyeses respectfully request that more salt not be poured into their wounds, and that the court exercise discretion in not imposing an additional 6% penalty, which will total $84,102.26, for each of them, and which would leave them with one-third of the account, after payment of the penalties and interest, which is unjust. The Reyeses additionally submit that the entire penalty regime is unjust, and request that the FBAR penalties be reduced to an amount that accords with justice and good conscience.

      Respectfully submitted,

      MAZZOLA LINDSTROM LLP

      Richard E. Lerner

Enc.: Letters dated 8/1/19 and 8/21/19

**Service via ECF**