

U.S. Department of Justice

Tax Division

*Trial Attorney: Philip Leonard Bednar*
*Attorney's Direct Line: 202-307-6415*
*Fax No.:  202-514-5238*
*Philip.L.Bednar@usdoj.gov*

Please reply to:    Civil Trial Section, Northern Region
P.O. Box 55
Washington, D.C. 20044

DAH:DMK:PLBednar
DJ 5-52-20541
CMN 2021100376

May 10, 2024

<u>**Via ECF**</u>
Honorable Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

      Re:  *United States of America v. Reyes, et al.,*
<u>            Case No. 1:21-cv-05578 (E.D.N.Y.)</u>

Dear Chief Judge Brodie:

    Pursuant to the Court's docket text order of May 3, 2024, the Plaintiff United States of America submits this supplement to its motion for entry of judgment (Docket No. 26).  At the telephonic status conference held on May 3, 2024, the Court directed the parties to submit any case authority on whether the Court has any discretion to reduce the 6% late-payment penalty under 31 U.S.C § 3717(e)(2) and 31 C.F.R. § 5.5(a) in connection with Defendants' FBAR penalty liabilities.

    The Court does not have such discretion.  As stated by the court in *United States v. Toth* (an FBAR case), "[a]lthough the addition of late fees and interest increases the penalty assessed by approximately $1 million, *this Court* and the Department of the Treasury *do not have discretion* to reduce the penalty by these additional sums." *United States v. Toth*, 2020 WL 5549111, at *8 n.8 (D. Mass. Sept. 16, 2020) (citing 31 U.S.C. § 3717(e)) (emphasis added), *aff'd*, 33 F.4th 1 (1st Cir. 2022).  The undersigned counsel for the United States have been unable to locate any cases in which a court has held that it has discretion to apply a late-payment penalty rate of less than 6% in connection with 31 U.S.C § 3717(e)(2) and 31 C.F.R. § 5.5(a).

2

Respectfully submitted,

*/s/ Philip L. Bednar*

PHILIP L. BEDNAR
JULIA M. GLEN
Trial Attorneys
Civil Trial Section, Northern Region