UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------
UNITED STATES OF AMERICA,

                Plaintiff,                      **MEMORANDUM & ORDER**
                                                                  21-CV-5578 (MKB)

       v.

JUAN REYES and CATHERINE REYES,

                Defendants.
---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

        Plaintiff the United States of America commenced the above-captioned action against Defendants Dr. Juan Reyes and Catherine Reyes on October 7, 2021, asserting claims pursuant to 31 U.S.C. §§ 3711(g)(4)(C) and 5321(a)(5) to collect outstanding civil penalties it alleged Defendants owe due to their failure to timely file a Report of Foreign Bank and Financial Accounts ("FBAR") to report their financial interest in a jointly-held foreign financial account from 2010 to 2012.  (Compl. ¶¶ 7–9, 16, 32, Docket Entry No. 1.)  On May 2, 2023, the government moved for summary judgment, and on January 10, 2024, the Court granted the government's motion as to Defendants' liability and the penalty sought by the government in the amount of $518,170.30 against each Defendant (the "January 2024 Decision").  (Mem. and Order dated Jan. 10, 2024 ("Jan. 2024 Decision") 7, 16, 18, Docket Entry No. 25.)  The $518,170.30 sought against each Defendant included the $420,051 FBAR penalty, $14,017.04 due in pre-judgment interest as of February 21, 2023, and $84,102.26 in late-payment penalties pursuant to 31 U.S.C. § 3717(e)(2) as of February 21, 2023.  (*Id.* at 17 & n.10.)  On January 23, 2024, the Court closed the case.  (*See* Case Termination dated Jan. 23, 2024.)

On January 24, 2024, the government moved the Court to reopen the case and enter judgment against each Defendant for (1) the $518,170.30 awarded in the January 2024 Decision, (2) pre-judgment interest accruing after February 21, 2023 pursuant to 31 U.S.C. § 3717(a)(1), (3) post-judgment interest pursuant to 28 U.S.C. § 1961(a) until the judgment is fully paid, and (4) late-payment penalties accruing after February 21, 2023 and until payment in full, pursuant to 31 U.S.C. § 3717(e)(2).[1]  Defendants oppose the motion only as to the application of a six percent late-payment penalty rate pursuant to 31 U.S.C. § 3717(e)(2), arguing that the Court should, in its discretion, apply a lower penalty rate given equitable considerations including Defendants' ages and financial circumstances.[2]  (Defs.' Opp'n 1–2.)

For the reasons discussed below, the Court grants the government's motion.

**I.   Discussion**

Defendants argue that the Court should decline to apply late-payment penalty interest at a rate of six percent, and instead should apply a "much lower amount, guided by the [C]ourt's discretion."  (Defs.' Opp'n 1.)  In support of their argument, Defendants contend that 31 U.S.C. § 3717(e)(2) leaves the determination of the penalty amount to the Court's discretion.  (*Id.*)  Defendants also argue that they are "already to be drastically penalized" by the Court's grant of summary judgment, due to the amount of the FBAR penalty, Defendants' ages, and their financial circumstances.  (*Id.* at 2.)

The government argues that the Court should not deviate from the six percent annual late-payment penalty rate because the late-payment penalty is mandatory by law and, pursuant to 31

---

[1]   (Gov't Mot. to Reopen Case and Enter J. ("Gov't Mot."), Docket Entry No. 26; Proposed J., Docket Entry No. 26-1; Gov't Reply in Supp. of Gov't Mot. ("Gov't Reply"), Docket Entry No. 30; Defs.' Opp'n to Gov't Mot. ("Defs.' Opp'n"), Docket Entry No. 29; Defs.' Sur-reply in Supp. of Defs.' Opp'n ("Defs.' Sur-reply"), Docket Entry No. 31.)

[2]   As a result, the Court grants without discussion the government's motion as to its remaining requests.

2

U.S.C. § 3717(e)(2), the Department of Treasury has exercised its regulatory discretion in setting the rate at six percent. (Gov't Reply 1–3.)

Under 31 U.S.C. § 3717(e)(2), the head of a federal agency is required to assess a late-payment penalty, not to exceed a rate of six percent a year, on debt outstanding for more than ninety days. *See* 31 U.S.C. § 3717(e)(2) ("The head of an executive, judicial, or legislative agency shall assess on a claim owed by a person . . . a penalty charge of not more than 6 percent a year for failure to pay a part of a debt more than 90 days past due."); *see also United States v. Garrity*, No. 15-CV-243, 2019 WL 1004584, at *9 (D. Conn. Feb. 28, 2019) (quoting the same). The Department of Treasury in turn has set a minimum rate to be applied, and has determined that penalties under this section "shall accrue at the rate of 6% per year, or such other higher rate as authorized by law." 31 C.F.R. § 5.5(a); *see also United States v. Sinyavskiy*, No. 21-CV-2757, 2022 WL 3588163, at *5 (E.D.N.Y. July 29, 2022) ("Pursuant to 31 U.S.C. § 3717(e)(2) and 31 C.F.R. §§ 5.5(a) and 901.9, the Secretary of the Treasury shall assess a late-payment penalty charge of 6% per year for debt more than 90 days past due."), *report and recommendation adopted*, 2022 WL 4662789 (E.D.N.Y. Sept. 30, 2022). "[W]henever Congress has 'explicitly left a gap for the agency to fill,' the agency's regulation is 'given controlling weight unless [it is] arbitrary, capricious, or manifestly contrary to the statute.'"[3] *See Household Credit Servs., Inc. v. Pfennig*, 541 U.S. 232, 239 (2004) (second alteration in original) (quoting *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 843–44 (1984)); *United States v. Mead Corp.*, 533 U.S. 218, 227 (2001) ("When Congress has 'explicitly left a gap for an agency to fill, there is an express delegation of authority to the agency to elucidate a specific provision of the statute by regulation,' and any ensuing regulation is binding in the courts unless

---

[3] Defendants have not challenged the regulation itself.

3

procedurally defective, arbitrary or capricious in substance, or manifestly contrary to the statute." (quoting *Chevron*, 467 U.S. at 843–44)); *Brown v. N.Y.C. Dep't of Educ.*, 755 F.3d 154, 161 n.4 (2d Cir. 2014) (quoting *Mead Corp.*, 533 U.S. at 227 for the same).

In addition, federal agencies are required to apply a late-payment penalty pursuant to 31 U.S.C. § 3717 to an unpaid FBAR penalty. *See, e.g.*, *United States v. Collins*, 36 F.4th 487, 496 (3d Cir. 2022) (concluding that "[section] 3717 controls — and requires — the imposition of pre-judgment interest and penalties" on an FBAR penalty debt); *Garrity*, 2019 WL 1004584, at *9 (applying section 3717(e)(2) to an unpaid FBAR penalty and noting that "[f]ederal agencies must assess a late payment penalty 'of not more than 6 percent [a] year for failure to pay [a] part of a debt more than 90 days past due'" (quoting 31 U.S.C. § 3717(e)(2))); *United States v. Toth*, No. 15-CV-13367, 2020 WL 5549111, at *8 n.8 (D. Mass. Sept. 16, 2020) (applying section 3717(e)(2) to an FBAR penalty and noting that "[a]lthough the addition of late fees and interest increases the penalty assessed by approximately $1 million, this Court and the Department of the Treasury do not have discretion to reduce the penalty by these additional sums" (citing, *inter alia*, 31 U.S.C. § 3717(e))); *cf. United States v. Texas*, 507 U.S. 529, 536 (1993) (distinguishing the common law duty to pay pre-judgment interest, which "is by no means automatic," from the duty under 31 U.S.C. § 3717(a), which "*requires* federal agencies to collect prejudgment interest against persons and specifies the interest rate," and 31 U.S.C. §§ 3717(e)(1) and (e)(2), which "[u]nlike the common law, . . . impose[] processing fees and penalty charges").

Defendants have pointed to no authority, and the Court has found none,[4] indicating that it has the ability, in its discretion, to reduce the amount of a penalty applied pursuant to section

---

[4] At a status conference held on May 3, 2024, the Court directed the parties to submit additional case law, if any, on the issue of whether the Court has the discretion to apply a late-payment penalty rate of less than six percent. (Min. Entry dated May 3, 2024.) Defendants in their supplemental letter identified two cases that they assert support a conclusion that the Court

3717.  The Court therefore denies Defendants' motion to reduce the prescribed six percent late-payment penalty, and applies the late-payment penalty at a rate of six percent to Defendants' outstanding debt.[5]

The Court therefore grants the government's motion to reopen the case and enter judgment in the requested amount.

---

may, in its discretion, reduce the late-payment penalty to below six percent.  (Defs.' Suppl. Letter 1–3, Docket Entry No. 34.)  Neither of these cases, however, support Defendants' claim.  *See United States v. Hughes*, No. 18-CV-5931, 2023 WL 2393780, at *12 (N.D. Cal. Mar. 6, 2023) (concluding that late-payment penalties did not apply to the initial amount stated in a demand letter for FBAR penalties where the amount sought in the demand letter was subsequently found to be arbitrary and capricious); *Garrity*, 2019 WL 1004584, at *9 (applying a six percent late-payment penalty fee under 31 U.S.C. § 3717(e)(2)).

Defendants further appeared to raise for the first time in their supplemental letter an argument that the application of the FBAR penalties and other statutory fees and penalties are violative of their Eighth Amendment rights.  (Defs.' Suppl. Letter.)  Because Defendants have not previously raised this argument, however, it is waived.  *See, e.g.*, *United States v. Morgan*, 406 F.3d 135, 136 n.1 (2d Cir. 2005) (deeming an argument waived where it was raised for the first time in response to a request for supplemental briefing on a different issue); *McPhee v. Gen. Elec. Int'l, Inc.*, 736 F. Supp. 2d 676, 681 (S.D.N.Y. 2010) ("Because [the p]laintiff waited to raise this argument until the [c]ourt had reviewed the submissions on the motion . . . and authorized . . . supplemental briefing on one specific narrow question, the argument has been waived.").

[5]  The government also argues that Defendants can only obtain a waiver of the late-payment penalty by making a request to the Deputy Chief Financial Officer of the Department of Treasury, and appealing any denial to the Assistant Secretary (Management)/Chief Financial Officer of the Department of Treasury.  (Gov't Reply at 3–4); *see also* 31 C.F.R. § 5.5(b) ("Treasury entities may waive interest, penalties, and administrative costs, or any portion thereof, when it would be against equity and good conscience . . . in accordance with Treasury guidelines for waiving claims . . . ."); 31 C.F.R. pt. 5, app. A (noting that "Treasury's Deputy Chief Financial Officer is delegated the authority to waive, in whole or in part, a claim of the United States . . . aggregating $5,000 or more per claim" and that "[r]equests for waiver of claims aggregating $5,000 or more per claim which are denied in whole or in part may be appealed to the Assistant Secretary (Management)/Chief Financial Officer").  Defendants do not argue that they have made a waiver request to the Deputy Chief Financial Officer of the Department of Treasury, or that they appealed a denial of a waiver request to the Assistant Secretary (Management)/Chief Financial Officer.  Rather, Defendants contend that they raised objections to the government's imposition of the penalties on grounds of equity and good conscience, and point to letters they sent to the government in 2019 generally objecting to the FBAR penalty as well as "the taxes, interest and 20% miscellaneous penalties."  (Defs.' Sur-reply 1–2.)  Because Defendants have not raised a claim of denial of a waiver request, the Court does not decide whether any such appeal would be reviewable by the Court.

## II. Conclusion

The Court grants the government's motion to reopen the case and directs the Clerk of Court to enter judgment against (1) Dr. Juan Reyes in the amount of $518,170.30 plus statutory additions, including (a) interest accruing pursuant to 31 U.S.C. § 3717(a)(1) from and after February 21, 2023, until the date of entry of the judgment, (b) interest accruing pursuant to 28 U.S.C. § 1961(a) from and after the date of entry of the judgment until the judgment is fully paid, and (c) late-payment penalties accruing pursuant to 31 U.S.C. § 3717(e)(2) from and after February 21, 2023, until the judgment is fully paid; and (2) Catherine Reyes in the amount of $518,170.30 plus statutory additions, including (a) interest accruing pursuant to 31 U.S.C. § 3717(a)(1) from and after February 21, 2023, until the date of entry of the judgment, (b) interest accruing pursuant to 28 U.S.C. § 1961(a) from and after the date of entry of the judgment until the judgment is fully paid, and (c) late-payment penalties accruing pursuant to 31 U.S.C. § 3717(e)(2) from and after February 21, 2023, until the judgment is fully paid.

Dated: May 21, 2024
       Brooklyn, New York

                                SO ORDERED:

                                          s/ MKB
                              MARGO K. BRODIE
                              United States District Judge